IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DONNA KITTS, *Plaintiff,* v. BODDIE-NOELL ENTERPRISES, INC., *Defendant.* | CIVIL ACTION NO. 3:09-CV-00060 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

At the conclusion of the May 27, 2010, hearing on Defendant's motion for summary judgment, I granted the motion. This memorandum opinion sets forth my reasons for doing so.

I.

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). To preclude summary judgment, a factual dispute must not only be material, but also "'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250.

In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. The nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *See Glover v. Oppleman*, 178 F. Supp. 2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact." (citing *Cox v. County of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001)). Indeed, a trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 317).

## II.

The following facts have been adduced from the record before the court, and are undisputed unless noted otherwise.

Plaintiff alleges that she suffered injuries on May 26, 2008, when she tripped and fell over a concrete wheel block as she was exiting her vehicle while in the parking lot of Defendant's business, a Hardee's restaurant in Gordonsville, Virginia. Plaintiff, who was seated on the passenger side of the vehicle, and her then-boyfriend (now her husband), the driver of the vehicle, were returning home from a trip to Nebo, Virginia, when they decided to stop at the

restaurant. Because Plaintiff's vehicle, a Ford Expedition, was towing a trailer carrying an all-terrain vehicle, Plaintiff's husband decided to park the vehicle along an outer edge of the parking lot, given that the vehicle and the trailer would not fit in a designated parking spot. Plaintiff, who "really wasn't paying a lot of attention" as they drove into the parking lot, remained in the vehicle reading while her husband went into the restaurant. After her husband had been gone a few minutes, Plaintiff decided to exit the vehicle. The vehicle had a running board – that is, a step on the outside of the car jutting out from beneath the car door – along the passenger side. Plaintiff claims she did not step on the running board, but rather that she stepped out with her right foot onto the flat parking lot surface. Then, "something grabbed the middle of [her] foot," causing Plaintiff to fall and suffer injuries.

After her fall, Plaintiff rolled over and looked back at her feet. She noticed, for the first time, a concrete wheel block just below the running board. She saw that the toe of her left foot was resting on top of the wheel block, and, although she claims she never saw the wheel block until well after her fall, she assumes that she tripped over the wheel block and not the running board. Plaintiff claims that the only reason she did not see the wheel block as she exited the vehicle was that it was obscured by the running board on her vehicle. Before this accident, there had been no complaints or reported incidents involving the concrete wheel block. Plaintiff claims Defendant is liable for the alleged injuries because the "area was not reasonably safe and involved unreasonable risk of harm to persons using the premises."

I will introduce additional facts as necessary in my discussion.

# III.

To establish a negligence case under Virginia law,[1] a plaintiff must show "the existence of a legal duty, a breach of the duty, and proximate causation resulting in damage." *Atrium Unit Owners Ass'n v. King*, 266 Va. 288, 293 (2003). A business owes its customers a duty to exercise ordinary care for those customers when they are on the business' premises. *Winn-Dixie Stores, Inc. v. Parker*, 240 Va. 180, 182 (1990) (citing *Colonial Stores v. Pulley*, 203 Va. 535, 537 (1962)). An owner has an obligation to remedy or warn of defects on its premises of which it has knowledge or should have knowledge, except for those defects that are open and obvious to a reasonable person exercising ordinary care for her own safety. *Knight v. Moore*, 179 Va. 139, 145-46 (1942); *Fobbs v. Webb Bldg. Ltd. P'ship*, 232 Va. 227, 229 (1986) (citing *Appalachian Power Co. v. Sanders*, 232 Va. 189, 194 (1986); *Indian Acres v. Denion*, 215 Va. 847, 849-50 (1975)).

Assuming *arguendo* that the presence of the wheel block in a parking lot created a dangerous condition, the wheel block here, by Plaintiff's own admission, was open and obvious.[2] If a plaintiff's own negligence "contributes to the mishap, it bars recovery." *Fein v. Wade*, 191 Va. 203, 209 (1950) (granting defendant summary judgment based on plaintiff's contributory negligence); *see also Richards v. Wal-Mart Stores East, L.P.*, Civil Action No. 6:07-cv-00024, 2008 WL 1860198 (W.D. Va. April 25, 2008) (same); *Roberts v. United States*, Civil Action No.

---

[1] Defendant removed this case from the Circuit Court for the County of Louisa to this court pursuant to this court's original jurisdiction under 28 U.S.C. § 1332(a), as there is complete diversity between the parties and the amount in controversy exceeds $75,000. Federal courts sitting in diversity apply the substantive law of the forum state. *Salve Regina College v. Russell*, 499 U.S. 225, 226 (1991). Therefore, the elements of Plaintiff's negligence claim are drawn from Virginia substantive law.

[2] The record indicates that the wheel block was placed in a fixed, immovable position in the parking lot, and was so placed on purpose.

6:06-cv-00047, 2008 WL 926106 (W.D. Va. April 4, 2008) (same; plaintiff tripped over concrete wheel block); *Hudson v. Kroger Co.*, Civil Action No. 6:06-cv-00046, 2007 WL 2110340 (W.D. Va. July 18, 2007) (granting defendant summary judgment based on plaintiff's contributory negligence). A plaintiff is contributorily negligent as a matter of law when "the defect was open and obvious and, by the exercise of ordinary care, could have and should have been seen." *Town of Hillsville v. Nester*, 215 Va. 4, 5 (1974). "When a plaintiff is injured by an open and obvious defect, it is his burden to show conditions outside of himself which prevented him seeing the defect or which would excuse his failure to observe it." *S. Floors & Acoustics, Inc. v. Max-Yeboah*, 267 Va. 682, 686 (2004) (internal quotation marks and citations omitted). A plaintiff is guilty of contributory negligence as a matter of law when he or she trips over a hazard that he or she should have seen, even if he or she did not actually see it. *Tazewell Supply Co. v. Turner*, 213 Va. 93, 96 (1972). Furthermore, "[i]t is necessary for the plaintiff to establish that his excuse for inattention was reasonable, *i.e.*, that the distraction was unexpected and substantial." *Max-Yeboah*, 267 Va. at 686 (citations and alterations in original omitted). In sum, the guiding inquiry is whether the plaintiff would have seen the hazard if she had been looking. *See Tazewell*, 213 Va. at 96; *see also England v. Food Lion*, Civil Action No. 6:05-cv-00002, 2006 WL 893839 at *1 (W.D. Va. March 31, 2006).

After a review of the record, including photographic exhibits and deposition testimony, I find that, as a matter of law, the alleged hazard was open and obvious to a person exercising ordinary caution for her safety. Plaintiff's husband – the driver of the vehicle – saw the wheel block when he parked the vehicle. Visibility was clear, and the wheel block was painted bright orange. The only reason Plaintiff offers for not having seen the wheel block, which she concedes was open and obvious, is that the running board on her own vehicle blocked her view

of it, and she stepped down out of the vehicle, stepping over the running board without looking to see where her foot would land. Plaintiff was not paying attention, and she did not exercise proper care to look where she was stepping. No act on the part of Defendant, or anyone or anything else, distracted Plaintiff or prevented Plaintiff from either looking over the running board or first stepping onto the running board to ascertain where she was going to land. The visible tripping hazard posed here by the concrete wheel block was open and obvious, and Plaintiff failed to exercise ordinary caution for her own safety. Had Plaintiff exercised proper care to ascertain where she was placing her feet, she would have seen the alleged hazard.[3] *See Hudson*, Civil Action No. 6:06-cv-00046, 2007 WL 2110340, at *3-4 (the issue is "whether the plaintiff would have seen the hazard if she had been looking," not whether Plaintiff actually saw the condition); *accord Richards*, Civil Action No. 6:07-cv-00024, 2008 WL 1860198 at *5. Because of Plaintiff's contributory negligence, I have granted Defendant's motion for summary judgment. *See Town of Hillsville*, 215 Va. at 5; *Fein*, 191 Va. at 209.

**IV.**

As stated on the record at the conclusion of the May 27, 2010, hearing in this matter, and for the heretofore stated reasons, Defendant's motion for summary judgment (docket no. 18) has

---

[3] It is the hazard created by an object, not the object itself, that must be open and obvious. *See Freeman v. Case Corp.*, 118 F.3d 1011, 1014-15 (4th Cir. 1997). Here, the wheel block *and* any hazard created by the wheel block were open and obvious. I pause to add that Plaintiff has failed to show that the presence of the concrete wheel block in a parking lot created any danger. Failure to establish that the condition actually created a danger is fatal to the claim, given that proof of a hazardous condition is the initial element of a negligence claim. *Cole v. Food Lion, L.L.C.*, 370 F. Supp. 2d 434, 439 (E.D. Va. 2005) (citing *Kendrick v. Vaz, Inc.*, 244 Va. 380 (1992)); *Parker v. CBOCS East, Inc.*, Civil Action No. 6:09-cv-00032, 2010 WL 316986 (W.D. Va. January 25, 2010). There is no evidence in the record to suggest that a concrete wheel block located off to the edge of a parking lot, away from normal pedestrian traffic routes, presented any risk of injury to a reasonable person. Although the placement of the wheel block may have been "aberrant," evidence of mere "aberration" alone does not support a claim that the location of an object deviated from the standard of care. *Parker*, Civil Action No. 6:09-cv-00032, slip op. at 8-9. It is insufficient for Plaintiff to argue that the object was located where one would not necessarily expect it. *See Cole*, 370 F. Supp. 2d at 439 (finding no hazard even where shopping carts were rolling haphazardly around a parking lot).

been granted, and this matter will be stricken from the active docket of the court.

The Clerk of the Court will be directed to send a certified copy of this memorandum opinion and the accompanying order to all counsel of record.

Entered this __1st__ day of June, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE